PETROPLUS, JUDGE:
The Court on its own motion rescinded and set aside its former Opinion, issued in the above captioned case on July 6, 1971, after a reconsideration and review of the Court File, because of an erroneous finding of fact.
The Singer Sheet Metal Company, Inc. furnished labor and materials for the erection of two fire escapes on one of the main buildings at Weston State Hospital by a requisition issued on June 9, 1969, under an Emergency Authorization by John S. Bell, Director of the Division of Purchases, Department of Finance and Administration, dated June 25,1969. The fire escapes were constructed in accordance with the specifications of the State Fire Marshal’s Office. A letter was also given to Mildred Bateman, M.D. of Weston State Hospital, authorizing the purchase of the two fire escapes in the open market. The fire escapes were constructed and the materials were furnished by the Claimant and the work was completed in a good and workmanlike manner. The State accepted the fire escapes as being in compliance with the specifications.
*23 At the time the order was issued for the construction and erection of the fire escapes, funds had been duly appropriated and were available to pay for the work. The only reason that the Claimant did not receive payment for its work was because the fiscal year 1968-1969 had. expired before the Claimant was able to complete the work. The Claimant was unable to proceed with the work or bill for the same, as originally intended, because of an intervening strike of the Sheet Metal and Iron Workers Union which lasted from June 1, 1970 to July 15, 1970. An invoice for the work was not presented until December 9, 1969, and by this time all funds for the fiscal year ending on June 30, 1969 had expired by operation of law, although the funds had been encumbered for this particular purpose.
The case was submitted on the Notice of Claim filed on December 11, 1970, and the two Answers of the Attorney General admitting the goods and services were furnished at the Respondents request, and that the invoice was reasonable in amount and should be paid as a moral obligation of the State.
The Court originally made a finding that the claim could not be paid because the Respondent did not have sufficient funds remaining in its budgeted account for the fiscal year 1969-1970 to pay the claim because of overcommitment of budgeted funds by the State Agency. The first answer of the Respondent filed on December 29, 1970 so stated and inasmuch as the case was submitted on the pleadings, the Court was misled into making a finding of overcommitment of budgeted funds, and held the Contract void and unenforcible under Chapter 12, Article 3, Sections 14, 15, 16 and 17 and Chapter 5-A, Article 3, Section 19 of the Code of West Virginia.
The doctrine of the case of Airkem Sales and Service vs. Department of Mental Health, Claim No. D-333 is not applicable to this case. On the contrary this case is controlled by the Opinion in Biggs-Johnston-Withrow vs. Department of Mental Health, Claim No. B-393.
For the foregoing reasons, the Court finds said claim in the amount of $5,928.00 to be a valid and subsisting claim against the State of West Virginia, and a claim which the State is morally bound to pay.
Claim allowed in the amount of $5,928.00.